UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ISIAH COURTNEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-215 |
| § | |
| PETROMAR INTERNATIONAL, INC., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Plaintiff Isiah Courtney filed this Fair Labor Standards Act ("FLSA") suit against Defendants Petromar International, Inc. and Alexandros Koutsakis to recover unpaid overtime for himself and other similarly situated employees. Plaintiff alleges that he was improperly classified as exempt from the FLSA's requirement that employees be paid at a time-and-a-half rate for all hours worked over forty in a workweek. Defendants have moved to dismiss the suit for failure to state a claim. (Doc. No. 7.) In response, Plaintiff moved for leave to amend his complaint. (Doc. No. 9.) For the reasons set forth below, Plaintiff's Motion for Leave to Amend is **GRANTED** and Defendants' Motion to Dismiss is **DENIED**.

I.  BACKGROUND[1]

Plaintiff Isiah Courtney has worked as a marine expeditor for Defendant PetroMar International, Inc. ("PetroMar") since September 2013. Compl., Doc. No. 1 at ¶¶ 2, 33. Defendant Alexandros Koutsakis was the president of PetroMar. *Id.* at ¶ 9. PetroMar provides cargo expediting services to the oil and maritime industry. *Id.* at ¶ 29. As a marine expeditor, Mr. Courtney performed services such as inspecting equipment, measuring fuel reserves, and

---

[1] For the purposes of a motion to dismiss, the Court takes Plaintiff's factual allegations as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

checking that policies and procedures were being followed. *Id.* at ¶¶ 32-33.

PetroMar classified its marine expeditors as exempt from the overtime requirements of the FLSA. *Id.* at ¶ 34. As a result of this classification, Mr. Courtney and other marine expeditors were not paid time-and-a-half for hours worked over forty in a workweek. Plaintiff's Complaint alleges that the marine expeditors were improperly classified and are entitled to recoup overtime pay from PetroMar. *Id.* at ¶¶ 65-70. Mr. Courtney seeks relief on his own behalf and on behalf of all other similarly-situated marine expeditors who worked for PetroMar in the three years prior to this action. *Id.* at ¶ 57.

Plaintiff filed his suit on January 22, 2015. (Doc. No. 1.) Defendants moved to dismiss on February 19, 2015. (Doc. No. 7.) In his response to Defendants' motion, Plaintiff offered a proposed First Amended Complaint in an effort to cure pleading defects identified by Defendants. (Doc. No. 9-4.) Among other things, the First Amended Complaint drops allegations that Plaintiff was not paid the minimum wage, and alleges only that he was not paid the overtime premium.

## II. LEGAL STANDARD

A court may dismiss a complaint for a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief — including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A

claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The plausibility standard "is not akin to a 'probability requirement,'" though it does require more than simply a "sheer possibility" that a defendant has acted unlawfully. *Id.* at 678. Thus, a pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

## III.   ARGUMENT

Defendants' Motion to Dismiss identifies three potential flaws in Plaintiff's pleading: 1) insufficient facts to support FLSA coverage, 2) insufficient facts to support Mr. Koutsakis's individual liability as an "employer," and 3) insufficient facts to show that the FLSA has been violated. The Court will review each of these arguments in turn. As an initial matter, the Court notes that in a case involving the same counsel, a very similar complaint was the subject of a similar motion to dismiss before another court in this district, and that motion was summarily denied. *See Zannikos v. Oil Inspections (U.S.A.) Inc. et al*, No. 4:12-cv-2508 (S.D. Tex. 2012) (docket entries 1, 5, 7).

In his response to the motion to dismiss, Plaintiff asks for leave to amend his complaint to address some of the alleged deficiencies in his pleading. As Defendant's reply brief addressed the new allegations, the Court finds that justice and judicial economy will be best served by granting Plaintiff's motion for leave to amend the complaint and treating Defendant's motion to dismiss as a motion to dismiss the First Amended Complaint.

### A. FLSA Coverage

A plaintiff bringing claims under the FLSA must plead sufficient facts to show that he is

protected by the statute. *See Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051 (N.D. Tex. Nov. 16, 2011). The FLSA applies to workers who are directly "engaged in the production of goods in commerce" — so-called "individual coverage" — and workers who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" — termed "enterprise coverage." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). Either individual or enterprise coverage suffices to invoke FLSA protection. *Id.*

Here, Plaintiff's complaint alleges that "[a]t all material times, Defendants have been enterprises in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that the Defendants had and continue to have employees engaged in commerce." Am. Compl., Doc. No. 9-4 at ¶ 17. Defendants object that this is simply a recitation of the statutory formula that does not satisfy the pleading requirements for "enterprise coverage."

However, Defendant overlooks other factual allegations in Plaintiff's complaint that bolster his claim that PetroMar was an "enterprise engaged in commerce." "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Plaintiff's complaint alleges that Defendant itself has offices in four states and five countries. Compl. at ¶¶ 8, 34. In addition, PetroMar's business involves shipping in the oil and maritime industry, and its employees were sent to work on oil vessels. *Id.* at ¶ 33, 36. The Court can reasonably infer that this involves work "on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). Accordingly, the Court finds that Plaintiff has satisfied his pleading burden with respect to establishing that PetroMar is an "enterprise engaged in commerce." The Court need not consider whether allegations of individual coverage included in

the proposed First Amended Complaint would be sufficient to invoke the FLSA.

### B. Employer Status

Next, Defendants argued in their original motion that Plaintiff has not alleged sufficient facts to support his claim that Alexandros Koutsakis was his "employer" for purposes of the FLSA. Plaintiff's proposed First Amended Complaint includes additional allegations pertaining to employer status, particularly that of Mr. Koutsakis. Doc. No. 9-4 at ¶¶ 29, 31. Defendants appear to drop their argument that Plaintiff cannot sufficiently plead employer status in their reply brief. *See* Doc. No. 13. Accordingly, the Court will not dismiss the claims on the basis of improper employer status.

### C. Overtime Violation

Finally, Defendants argue that Plaintiff has not sufficiently pleaded his allegations that the FLSA's overtime provisions were actually violated. Defendants argue that the bare allegation that Defendants "violated and continue to violate the FLSA when they fail to pay Plaintiff and Class Members consistent with the overtime formula" is insufficient. Again, Defendants focus on selected sentences from Plaintiff's complaint rather than considering all of the facts alleged. Plaintiff's complaint alleges that Defendants had a policy of misclassifying marine expeditors as exempt from overtime. *See* Am. Compl. at ¶¶ 39-40. His First Amended Complaint added that he typically worked 55-60 hours per week, and was paid at straight time rather than time-and-a-half for those hours. *Id.* at ¶¶ 60, 62.

Defendants also note that the Complaint does mention that Defendants had some offices in places where the FLSA would not apply. *See* Am. Compl. at ¶ 34 (offices in Greece, Colombia and Venezuela). Additionally, Plaintiff describes his job as "labor and travel intensive." *Id.* at ¶ 49. Whether some of his work was performed in a jurisdiction not covered by

the FLSA is a question of fact that will certainly be relevant at a later stage in the case. However, Plaintiff's allegation that he was hired to work out of the Houston, Texas, office raises at least a reasonable inference that some of his work was performed in a geographic location covered by the FLSA. *Id.* at ¶ 38.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Mr. Courtney has properly pleaded claims for relief under the FLSA in his First Amended Complaint. The Court hereby **GRANTS** Plaintiff's alternative motion for leave to amend his complaint. The First Amended Complaint (Doc. No. 9-4) is deemed filed as of the date the response was filed and is now the operative complaint in this action. The Court **DENIES** Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. No. 7.)

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 27th day of May, 2015.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE